IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:11-2061-CMC |
| v. | **OPINION and ORDER** |
| Deon Dinkins, | |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises claims relating to alleged ineffective assistance of counsel. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion and this matter is ripe for resolution.

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

The court has reviewed the entire record of this matter. Defendant's assertions relating to the actions of counsel fail as to all of Defendant's claims. In support of the alleged Fourth

1

Amendment violation relating to the alleged "no knock" entry into his residence, Defendant provides information from the City of Columbia indicating that there are not records available to indicate whether Lt. Williams was on duty the morning of January 29, 2010. *See* Movant's Exhibit 12 (ECF No. 98-1). However, this material fails to contradict Lt. Williams' sworn statement that "I was an operator assigned to the primary entry element at the entrance to the residence. I did make an appropriate 'Knock and Announce' before the element forcefully breached the door." Statement of Lt. J.P. Williams at 1 (ECF No. 93-3).[1]

Therefore, for this reason and for the reasons argued by the Government in its response in opposition, which the court adopts as its findings, Defendant is not entitled to relief. Accordingly, the Government's Motion for Summary Judgment is **granted.** The motion under 28 U.S.C. § 2255 is *dismissed with prejudice*.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability

---

[1] Contrary to Defendant's belief, this statement is indeed a sworn statement. *See* ECF No. 93-3.

2

has not been met.  Therefore, a certificate of appealability is **denied**.

        **IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON McGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 25, 2013