IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Deon Dinkins, | Cr. No. 3:11-2061-CMC |
| Defendant-Petitioner | |
| v. | **Opinion and Order** |
| United States of America, | |
| Plaintiff-Respondent. | |

Defendant, through his attorney, seeks relief pursuant to 28 U.S.C. § 2255. ECF No. 116. The Government filed a response in opposition on June 26, 2016. ECF No. 120. On July 5, 2016, Defendant filed a response in support. ECF No. 121.

**I.  Background**

On August 17, 2011, Defendant was indicted for felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). ECF No. 2. On February 17, 2012, Defendant entered into a written conditional plea agreement to plead guilty to the charge. ECF No. 50. The same day, Defendant appeared before the court and after a thorough Rule 11 hearing, entered a guilty plea to felon in possession.

A Pre-Sentence Report (PSR) concluded Defendant was an armed career criminal under the Armed Career Criminal Act ("ACCA") and faced a mandatory minimum term of imprisonment of fifteen (15) years and a maximum term of life imprisonment. The PSR found that Defendant's prior convictions for Possession with Intent to Distribute Cocaine (1992), distribution of crack cocaine/distribution of crack cocaine near a school (1994), and assault and battery with intent to kill ("ABWIK"), qualified as predicate convictions for ACCA purposes. *See* ECF No. 60, PSR ¶¶

24, 26, 27. No objections were made to the PSR regarding Defendant's ACCA predicate convictions.

On April 25, 2012, Defendant appeared for sentencing. The court varied from the guideline range of 188-235 months based on Defendant's "history of mental illness and treatment and his strong family support." ECF No. 64. Defendant was sentenced to 180 months' imprisonment and five years' supervised release. Defendant appealed the denial of a motion to suppress and the Fourth Circuit affirmed the judgment on October 22, 2012. ECF No. 78.

Defendant filed a §2255 motion on January 10, 2013, arguing that his counsel was ineffective for several reasons, including because he failed to "thoroughly investigate and challenge" Defendant's prior convictions that were used as predicate offenses, and asserting that he was not an armed career criminal. ECF No. 80. Specifically, Defendant argued that his conviction for possession of "a small amount of drugs" was not sufficient to qualify as an ACCA predicate. ECF No. 80-1, at 39. The Government agreed that Defendant's conviction in Paragraph 25 of the PSR, possession of cocaine (1993), did not count as a predicate drug offense for the ACCA. However, the Government asserted, and the court adopted as its finding, that Defendant had other offenses that qualified him as an armed career criminal. ECF No. 93 (Government's Response in Opposition); ECF No. 99 (Order granting Government's Motion for Summary Judgment) ("[F]or the reasons argued by the Government in its response in opposition, which the court adopts as its findings, Defendant is not entitled to relief."). Therefore, the court dismissed Defendant's § 2255 motion with prejudice. ECF No. 99.

Defendant filed a second *pro se* motion under § 2255 on May 16, 2014, arguing again that he was improperly enhanced under the ACCA because his conviction for possession of cocaine in

1993 was not for a serious drug offense. ECF No. 102. The court dismissed this motion as successive on May 19, 2014. ECF No. 212.

Prior to filing the instant motion, Defendant filed a § 2244 motion with the Fourth Circuit. No. 16-853. On June 2, 2016, he received permission to file a second or successive motion under § 2255. ECF No. 115. The instant motion under § 2255 was filed the same day. ECF No. 116.

## II. The ACCA

A conviction for felon in possession typically carries a statutory maximum sentence of ten years in prison. *See* 18 U.S.C. § 924(a)(2). However, if the accused has three or more previous convictions for certain types of felonies, he is subject to an enhanced minimum sentence of fifteen years imprisonment with a maximum term of life imprisonment. Title 18 U.S.C. § 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

As is relevant to this case, the statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). The first clause, § 924(e)(2)(B)(i), is typically referred to as the "use of force" clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another."). The first part of the second clause, § 924(e)(2)(B)(ii), lists specific

3

offenses – burglary, arson, extortion, offenses involving use of explosives – and is commonly denoted the "enumerated offense" clause. Finally, the portion of § 924(e)(2)(B)(ii) covering a conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is generally referred to as the "residual clause."

## III.     *Johnson* **and** *Welch*

On June 26, 2015, the Supreme Court held that the residual clause of the ACCA violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson v. United States*, 576 U.S. __, __, 135 S. Ct. 2551, 2557 (2015). By holding the residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The residual clause can no longer support a defendant's classification as an armed career criminal.

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), which held that the newly established right recognized in *Johnson* is retroactive to cases on collateral review, such as Defendant's case. Therefore, Defendant's § 2255 motion, filed within one year of the *Johnson* decision, is timely[1] and ripe for resolution.

---

[1] "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

> *a. ACCA Discussion*

At the time of his sentencing, Defendant had three predicate South Carolina convictions which served to qualify him for the ACCA enhancement: Possession with Intent to Distribute Cocaine (1992), distribution of crack cocaine/distribution of crack cocaine near a school (1994), and assault and battery with intent to kill ("ABWIK"). *See* ECF No. 60, PSR ¶¶ 24, 26, 27.

Defendant's two serious drug offenses are unaffected by *Johnson* and its progeny. Therefore, the issue at hand is whether the ABWIK conviction qualifies as an ACCA predicate conviction under the force clause, or only qualified under the now-defunct residual clause, in which case Defendant is no longer an armed career criminal.

ABWIK was a South Carolina common law offense before it was abolished in 2010. As Defendant was sentenced in 2004, South Carolina common law applies.[2] ABWIK is defined as an "unlawful act of a violent nature to the person of another with malice aforethought, either express or implied." *State v. Foust*, 479 S.E.2d 50, 51 (S.C. 1996). ABWIK also requires an intent to kill; however, this intent need not be a specific intent to kill, but may be a general intent "so long as

---

Court and made retroactively applicable to cases on collateral review . . . ."
28 U.S.C. § 2255(f)(1)-(3). Due to *Welch*, § 2255(f)(3) is applicable to *Johnson* cases on collateral review, and defendants had until June 26, 2016 to file. Defendant filed his motion on June 2, 2016.

[2] South Carolina also recognizes assault with intent to kill as a separate offense from ABWIK. *State v. Sutton*, 532 S.E.2d 283, 286 (S.C. 2000) ("Under our current common law, we recognize ABIK and assault with intent to kill (AIK)."). For AIK, it is not necessary that the attempted harm or injury actually take place. *See id.* (using "pointing a toy gun at someone or withholding life-saving medication" as examples of assault with intent to kill); *State v. Glover*, 4 S.E. 564 (S.C. 1888) (affirming conviction for assault with intent to kill based on attempted poisoning).

5

there is intent to commit grievous bodily injury such that, had death occurred, the offense would have been murder." *Id.* at 51-52.

In order to decide whether Defendant's conviction qualifies under the ACCA force clause, this court must use the categorical approach[3] to determine whether ABWIK "has as an element the use, attempted use, or threatened use of physical force against the person of another." §924(e)(2)(B)(i). An attempted or threatened use of force would constitute assault with intent to kill, but actual use of force is required for ABWIK, due to the requirement of a battery.[4] As defined by the Supreme Court, "the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140

---

[3] This court does not employ the modified categorical approach as the offense is not divisible. *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243, 2248 (2016) ("The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime."). Common law offenses are treated the same as statutory offenses for divisibility purposes. *United States v. Hemingway*, 734 F.3d 323, 331-32 (4th Cir. 2013) ( addressing South Carolina common law offense of assault and battery of a high and aggravated nature ("ABHAN") and noting "[t]here is simply no material distinction that can be made between common law and statutory offenses [in the context of divisibility]. . . [T]he modified categorical approach has no role to play where the previous crime was an indivisible common law offense."). *Hemingway* also noted that common law ABHAN is an indivisible offense. *Id.* at 334 ("Because ABHAN, as defined by the courts of South Carolina, does not concern any list of alternative elements, the modified categorical approach has no role to play." (citations omitted)). ABWIK contains the same elements as ABHAN plus malice and intent to commit grievous bodily injury; therefore, ABWIK, which has no alternative elements, is an indivisible common law offense as well.

[4] *See Glover*, 4 S.E. at 566 (holding that an attempt to poison (administering a drug which defendant has been informed will produce death, whether such drug in fact is poisonous or not), constitutes assault with intent to kill); *Sutton*, 532 S.E.2d at 286 (defining assault as placing another in apprehension of harm and noting "[t]hus, if a person shook his hickory over his head, indicating an intention to strike, and within striking distance, and if his action and conduct were such as to create the belief in the mind of the victim that he intended to strike him, he would be guilty of an assault.").

(2010) ("*Johnson 2010*").  Therefore, in order to qualify under the ACCA force clause, ABWIK must require the use of violent physical force - "unwanted touching" or slight intentional physical contact is not sufficient. *See id.* at 139.

"In evaluating a state court conviction for ACCA predicate offense purposes, a federal court is bound by the [state supreme court's] interpretation of state law, including its determination of the elements of the potential predicate offense." *Hemingway*, 734 F.3d at 332.  As precedent from South Carolina courts makes clear, assault and battery in South Carolina does not require the "violent physical force" necessary to satisfy the *Johnson 2010* definition of force for the ACCA, as "any forcible contact, irrespective of its degree, will suffice." *Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. 2008); *see also State v. LaCoste*, 553 S.E.2d 464, 471 (S.C. Ct. App. 2001) (battery can be committed with "any touching of the person in a rude or angry manner, without justification."). South Carolina courts have recognized that assault and battery, even "of a high and aggravated nature," "may occur even though no real force is employed against the victim."  *State v. Primus*, 564 S.E.2d 103, 106 n.4 (S.C. 2002) (overruled on other grounds regarding sufficiency of indictment); *State v. Green*, 491 S.E.2d 263 (S.C. Ct. App. 1997).

The South Carolina Criminal Requests to Charge define battery as "the unlawful touching or striking of another by the aggressor himself or by any substance put in motion by him. . . . an injury done to the person of another in a rude, insolent, or revengeful way." Ralph King Anderson, Jr., *South Carolina Requests to Charge – Criminal*, 2007, § 2-18.[5]  The battery necessary for an

---

[5] The 2012 version of Anderson's Requests to Charge is available on Westlaw; however, that edition does not contain the common law offense of ABWIK, as ABWIK was abolished in 2010.

7

ABWIK conviction carries no greater requirement of force than battery in ABHAN or even simple assault and battery.  *See id.* at §§ 2-19, 2-20 (defining both "assault" and "battery" in exactly the same terms for ABWIK, ABHAN, and simple assault and battery).

Defendant cites *Hemingway* in support of his position, which dealt with South Carolina ABHAN.  704 F.3d 323.  In that case, the Government "properly concede[d]" that *Johnson 2010* "precludes reliance on the force clause to count ABHAN as an ACCA predicate offense because ABHAN can be committed even if no real force was used against the victim."  *Id.* at 335; *see also United States v. Montez-Flores*, 736 F.3d 357, 369 (4th Cir. 2013) (addressing the identically worded force clause of the illegal re-entry guideline on direct appeal, and holding, as to South Carolina ABHAN, "[b]ecause ABHAN can be committed with or without force – and even when force is involved, ABHAN can be committed in a violent or nonviolent manner – a conviction for ABHAN is not categorically for a crime of violence.").

ABHAN is often considered a lesser included offense of ABWIK.  *See State v. Dennis*, 742 S.E.2d 21, 27 (S.C. Ct. App. 2013).  Defendant argues that the difference between the two is only the *mens rea* of malice, while the Government contends that both malice and intent to kill distinguish ABWIK from ABHAN.  *See* ECF Nos. 116 (Defendant's motion) and 120 (Government's response in opposition).  South Carolina law demonstrates that ABWIK requires "both an intent to kill and malice." *Foust*, 479 S.E.2d at 51.  However, South Carolina jury instructions show that the operative element of action, assault and battery, is the same in ABWIK

---

The 2007 version of Anderson's Requests to Charge is available from the Fourth Circuit library in Raleigh, North Carolina.

as in ABHAN.  Despite the additional requirement of intent to commit serious bodily injury and heightened *mens rea* in ABWIK, no additional level of force distinguishes ABWIK from ABHAN. South Carolina law makes clear that "use, attempted use or threatened use" of violent physical force is not an element of ABHAN, as the Government conceded in *Hemingway*; therefore, the use of violent physical force cannot be an element of ABWIK.

South Carolina case law makes clear that an assault and battery may be committed without the application of violent physical force.  The Fourth Circuit consistently holds, under *Johnson 2010*, that this is insufficient force to qualify as a "violent felony" or "crime of violence" under a force clause.  Therefore, this court cannot say that ABWIK has as an element the use, attempted use, or threatened use of physical force against the person of another.  As such, it cannot be classified as a predicate offense under the force clause of the ACCA.  Accordingly, ABWIK could only have counted as an ACCA predicate under the now-unconstitutional residual clause.  As a result, it can no longer serve as a predicate offense for the ACCA.

## IV.    Conclusion

As Defendant no longer has the requisite three predicate convictions, he is not an armed career criminal and is entitled to be resentenced.  The court grants Defendant's motion for relief under § 2255.  The Judgment Order as to Deon Dinkins in CR 3:11-2061 filed April 25, 2012 is hereby vacated, and this matter is set for resentencing on Tuesday, November 1, 2016 at 3:30pm.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 3, 2016

9